USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IDEAVILLAGE PRODUCTS CORP.,

                Plaintiff,

     v.

BLING BOUTIQUE STORE D/B/A
CASH29784729, et al.,

                Defendants.

16-CV-9039 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiff Ideavillage Products Corp. ("Plaintiff" or "Ideavillage") brings claims for copyright infringement, violations of the Lanham Act, and related violations of New York state law. After receiving a Clerk's Certificate of Default, Plaintiff moved for default judgment against Defendants Bling Boutique Store d/b/a Cash29784729; Echina24 Co., Ltd. d/b/a Echina24; Elleven2; Sexytoystore; Shanghai Weimeike International Trade Co., Ltd. d/b/a Maybersport; Shenzhen Goodeal Technology Co., Ltd. d/b/a Health Index; Shenzhen Sanofee Electronic Technology Company Limited; SZ5188; Ying Abby d/b/a Miss Ying's Store; and Yiwu Yinhong Healthy & Sports Article Co., Ltd (collectively, the "Defaulting Defendants").[1] For the reasons set forth below, Plaintiff's motion is GRANTED.

---

[1] Plaintiff also moved for default against Defendant Shenzhen Starlight Con Inc. d/b/a Goodspeed ("Starlight"). (ECF No. 88, at 2.) On March 27, 2018, however, Plaintiff filed a notice of dismissal against Starlight. (ECF No. 87.) For this reason, Plaintiff's motion for default against Starlight is DENIED as moot.

# I. BACKGROUND

## A. Facts[2]

Plaintiff Ideavillage is the maker of many "As Seen on TV" products, including a line of copper-infused compression garments sold and marketed under the name "COPPER FIT." (Compl., ECF No. 5, ¶¶ 26, 28.) Plaintiff is the owner of U.S. Trademark Registration No. 4,676,558 for the wordmark "COPPER FIT" for certain goods in Class 25 and U.S. Trademark Registration Number 4,774,235 for the wordmark "COPPER FIT" for certain goods in Class 24 (collectively, "Copper Fit Marks"). (*Id.*, ¶ 31.) Plaintiff also owns registered copyrights in certain related packaging, instructions, and other marketing materials for its so-called Copper Fit products. (*Id.*, ¶ 33.)

Defaulting Defendants conduct business in the United States and in other countries on global online market places, such as Alibaba.com, AliExpress.com, and DHgate.com. (*Id.*, ¶¶ 44, 48.) Through so-called storefronts on those market places, Defaulting Defendants have offered for sale, or sold, products that infringe Plaintiff's copyrights and trademarks to consumers in the United States and in New York. (*Id.*, ¶ 49.) For example, one of the Defaulting Defendants falsely marketed socks for sale as, "copper fit magnetic therapy compression socks" (*id.*, ¶ 57.); and another Defaulting Defendant falsely marketed a pain relief belt as a "'Copper Fit' Back Pro Lower Spin Pain Relief belt" (*id.*, ¶ 59). Defendants were not authorized by Plaintiff to offer for sale or sell these products. (*Id.*, ¶ 52.)

## B. Procedural History

Plaintiff filed its Complaint under seal on November 21, 2016. (ECF Nos. 1, 5.) The

---

[2] The following summary is drawn from Plaintiff's Complaint (ECF No. 5), which the Defaulting Defendants are deemed to have admitted with respect to liability, because they have failed to defend this action. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Court unsealed the Complaint on December 9, 2016. (ECF No. 3.) On December 20, 2016, attorney Anthony Scordo III moved to appear *pro hac vice* for Defendants Echina24 Co., Ltd; Yiwu ZD Household Items Factory; Jiaxing Yu Zhu Textile Co., Ltd.; RMB Industrial-Houseware Co., Ltd. (Ningbo); Shenzhen Sanofee Electronic Technology Company Limited; Dongguan Welkong Sports Industrial Co., Ltd.; Yiwu Yinhong Healthy & Sports Article Co., Ltd. (collectively, the "Scordo Defendants"). (ECF No. 24.) The following day, December 21, 2016, the Court granted Mr. Scordo's motion. (ECF No. 25.) That same day, the Scordo Defendants filed an Answer to the Complaint. (ECF No. 27.) The other Defendants did not file an answer or otherwise respond to the Complaint, and have never done so.

On May 15, 2017, by stipulation, all claims were dismissed against Defendant Dongguan Welkong Sports Industrial Co., Ltd. (ECF No. 41.) On August 14, 2017, Mr. Scordo moved to withdraw as counsel. (ECF No. 62.) On August 29, 2017, Magistrate Judge Gabriel Gorenstein issued an order warning the Scordo Defendants that if Mr. Scordo's motion is granted, they "will be deemed to be in default because a corporation may be represented only by an attorney and cannot proceed *pro se*." (ECF No. 65.) On October 2, 2017, the Court granted Mr. Scordo's motion to withdraw. (ECF No. 73.) On October 5, 2017, by stipulation, all claims were dismissed against Defendant RMB Industrial-Houseware Co., Ltd. (Ningbo). (ECF No. 74.) On November 16, 2016, by stipulation, all claims were dismissed against Defendants Ishar and Yiwu ZD Household Items Factory. (ECF Nos. 76, 77.) On November 22, 2017, by stipulation, all claims were dismissed against Defendant Lidragon Store. (ECF No. 80.)

On February 6, 2018, the Clerk of Court issued a Clerk's Certificate of Default certifying the default of the Defaulting Defendants. (ECF No. 84.) On February 9, 2018, Plaintiff filed its motion for default against the Defaulting Defendants. (ECF No. 86.) On March 27, 2018, all claims were dismissed by stipulation against Defendant Shenzhen Starlight Con Inc. d/b/a

Goodspeed. (ECF No. 87.) On April 13, 2018, Plaintiff re-filed its motion for default because its original motion had been deficiently filed. (ECF No. 88.)

## II. DISCUSSION

### A. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because corporations cannot proceed *pro se*, default is warranted when a corporation is not represented by an attorney. *Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) ("[I]t is settled law that a corporation cannot generally appear in federal court except through its lawyer."); *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) (Oetken, J.) ("A corporation may not appear *pro se*, but must retain counsel to avoid default."). Where the plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Following a defendant's default, all well-pleaded factual allegations of the complaint are accepted as true, except for those relating to the amount of damages. *Greyhound*, 973 F.2d at 158 (2d Cir. 1992) (explaining that "a party's default is deemed to constitute a concession of all well-pleaded allegations of liability"); *Cartright v. Lodge*, No. 15CV9939KMWRLE, 2017 WL 1194241, at *1 (S.D.N.Y. Mar. 30, 2017) (Wood, J.) ("A factual allegation will be deemed not well-pled only in 'very narrow, exceptional circumstances.'") (quoting *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969) (Metzner, J.), *modified*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

Although a district court should accept all well-pleaded allegations, it "need not concur that the alleged facts in the complaint constitute a valid cause of action and must evaluate

whether the allegations in the complaint are sufficient to establish liability." *Rolex Watch U.S.A. v. Rolex Deli Corp.*, No. 11 Civ. 9321 (BSJ), 2012 WL 5177517, at *1 (S.D.N.Y. Oct. 18, 2012) (Jones, J.). For this reason, the Court must still "determine whether the well pleaded allegations in the Complaint . . . are sufficient to establish liability for the claimed causes of action." *Id.*

**B.     Liability**

    1.     <u>First, Second, and Third Causes of Action: Trademark Counterfeiting, Infringement, and False Designation of Origin</u>

Claims of counterfeiting and trademark infringement are governed by Section 32 of the Lanham Act, which prohibits any person from using, without the consent of the registrant, a reproduction or counterfeit of a registered mark when "such use is likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C. § 1114(1)(a). To prevail on claims of federal trademark counterfeiting and infringement, the plaintiff must show (1) that it owns a valid trademark entitled to protection under the Lanham Act, (2) that the defendants used the trademark in commerce without plaintiff's consent in connection with the sale of goods or services, and (3) there was a likelihood of consumer confusion. *See 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005). Claims of false designation of origin are governed by Section 43(a) of the Lanham Act, which requires a plaintiff to "demonstrate (1) it holds a valid trademark entitled to protection and (2) there is a likelihood of confusion." *Prof'l Sound Servs., Inc. v. Guzzi*, 349 F. Supp. 2d 722, 730 (S.D.N.Y. 2004) (Chin, J.) (citation and internal quotation marks omitted), *aff'd*, 159 F. App'x 270 (2d Cir. 2005).

Plaintiff in this case has alleged that (1) it is the owner of federally registered trademarks relating to its line of Copper Fit products (Compl., ¶¶ 30–32); (2) the Defaulting Defendants intentionally and willfully sold, without Plaintiff's consent, goods that infringe on the Copper Fit

5

Marks (*id.*, ¶¶ 42, 51, 53–67); and (3) the Defaulting Defendants' actions likely caused consumer confusion (*see id.*, ¶ 63). Plaintiff's allegations jointly establish all of the elements of a claim for counterfeiting, infringement of a registered trademark, and false designation of origin.

2. Fourth Cause of Action: Copyright Infringement

A well-pleaded complaint for copyright infringement must allege "(1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright." *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995)).

The Complaint alleges facts sufficient to establish that the Defaulting Defendants infringed on Plaintiff's copyright. With respect to the first element of copyright infringement, Plaintiff alleges that it owns copyright registrations in the Copper Fit Works. (Compl., ¶ 34.) With respect to the second element, Plaintiff alleges that the Defaulting Defendants intentionally and willfully sold infringing products that infringed on the Copper Fit Works, such as by selling products bearing the Copper Fits logos. (*Id.*, ¶¶ 51, 53–67) Accordingly, Plaintiff has alleged a valid claim of copyright infringement.

3. Fifth and Sixth Causes of Action: New York General Business Law sections 349 and 350

Plaintiff alleges that Defaulting Defendants' actions violated New York General Business Law section 349—which governs deceptive acts and practices—and section 350, which governs false advertising. To state a claim under either section 349 or section 350, Plaintiff must show (1) "that the challenged act or practice was consumer-oriented"; (2) "that it was misleading in a material way"; and (3) "that the plaintiff suffered injury as a result of the deceptive act." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (quoting *Stutman v.*

6

*Chem. Bank*, 95 N.Y.2d 24, 29 (2000)); *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) (Koeltl, J.).

Although trademark infringement claims generally are not cognizable under New York Business Law, the Copyright Act does not preempt state law claims brought under these provisions. *Compare Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14-CV-5213 (NRB), 2017 WL 3669625, at *17 (S.D.N.Y. Aug. 8, 2017) (Buchwald, J.) ("[T]he majority view in this Circuit is that trademark or trade dress infringement claims are not cognizable under §§ 349 and 350 of the New York General Business Law unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution." (quoting *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07-CV-6959 (DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009) (Batts, J.) (internal quotation marks omitted; brackets in original))) *with U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 174 (S.D.N.Y. 2001) (Berman, J.) (holding that copyright claim was not preempted by New York law); *LBB Corp. v. Lucas Distribution, Inc.*, No. 08-CV-4320 (SAS), 2008 WL 2743751, at *2 (S.D.N.Y. July 14, 2008) (Scheindlin, J.) (holding that a claim under New York Business Law section 349 was not preempted by the Copyright Act).

The Complaint alleges facts sufficient to establish that the Defaulting Defendants violated New York General Business Law sections 349 and 350 with respect to their use of Plaintiff's copyrights: (1) The Defaulting Defendants' actions were consumer-oriented because they consisted of online advertisements made directly to consumers online (Compl., ¶¶ 56, 63); (2) their actions were misleading because, *inter alia*, they consisted of advertisements for products identical in appearance to Plaintiff's products; (*id.*, ¶ 110); and (3) Plaintiff was injured via the loss of sales of its Copper Fit products (*id.*, ¶ 99.).

### 4. Seventh Cause of Action: New York Unfair Competition Law

"[T]he elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims," except that unfair competition claims require an "additional showing of bad faith." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (Connor, J.) (citations and quotation marks omitted); *accord GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273, 300–01 (S.D.N.Y. 2002) (Cote, J.) (holding that because plaintiff had established a Lanham Act trademark infringement claim, and because defendants acted in bad faith, plaintiff had also established a common law claim for trademark infringement under New York law).

Because the Court has already concluded that Plaintiff sufficiently alleges the elements of a federal trademark infringement claim under the Lanham Act, and because the Complaint adequately alleges that the Defaulting Defendants acted in bad faith (Compl., ¶ 64), Plaintiff has sufficiently alleged an unfair competition claim under New York common law. *See GTFM, Inc.*, 215 F. Supp. 2d at 300–01.

### 5. Eighth Cause of Action: New York Unjust Enrichment Law

A cause of action for unjust enrichment "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012). Plaintiff has provided no explanation for why this situation is "unusual" or why its unjust enrichment claim differs in any respect from its other claims. For this reason, the Court denies Plaintiff's motion with respect to this cause of action. *See id.*, at 791 (holding that to the extent that other "claims succeed, the unjust enrichment claim is duplicative," and so "should be dismissed"); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 483–84 (S.D.N.Y. 2014) (dismissing unjust enrichment claim

based on deceptive advertising because it "simply restates elements of other claims"); *cf. Boost Worldwide, Inc. v. Talk Til U Drop Wireless, Inc.*, No. 5:14-CV-86 MAD/TWD, 2014 WL 5026777, at *2 n. 2 (N.D.N.Y. Oct. 8, 2014) (treating unjust enrichment claim as abandoned where it was not addressed in plaintiff's motion for default and was "likely duplicative").

**C.     Relief**

1.     Permanent Injunction

Under the Lanham Act and Copyright Act, district courts have the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116; 17 U.S.C. § 502. To secure a permanent injunction, in particular, a plaintiff must demonstrate success on the merits, as well as that "(1) he is likely to suffer irreparable injury in the absence of an injunction; (2) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships tips in his favor; and (4) the public interest would not be disserved by the issuance of a [permanent] injunction." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011) (Sweet, J.) (internal quotation marks omitted) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010), *aff'd*, 511 F. App'x 81 (2d Cir. 2013)).

a)     Success on the Merits

As discussed above, the Defaulting Defendants' failure to defend this action constitutes an admission of liability, and Plaintiff has established success on the merits. *See Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 120 (S.D.N.Y. 2008) (Sullivan, J.) ("[T]he Court finds that plaintiffs have established success on the merits because the defendants' default constitutes an admission of liability.") (citation and internal quotation marks omitted).

b)     Irreparable Injury

"In intellectual property actions, permanent injunctions are normally granted when there

is a threat of continuing violations." *Steele v. Bell*, 2014 U.S. Dist. LEXIS 44976, at *22 (S.D.N.Y. Mar. 3, 2014) (Ellis, M.J.) (quoting *Warner Bros. Entm't Inc. v. Carsagno*, No. 06 Civ. 2676 (NG) (RLM), 2007 WL 1655666, at *5 (E.D.N.Y. June 4, 2007)) (internal quotation marks omitted). Here, the Defaulting Defendants' refusal to defend this action creates a threat that they will continue to infringe Plaintiff's trademarks unless permanently enjoined from doing so. Defaulting Defendants' actions have also caused irreparable injury to the reputation of its Copper Fit products, for which it would be difficult to determine monetary damages. (*See* Lombardo Decl., ECF No. 14, ¶ 25.); *Mint, Inc. v. Amad*, No. 10 CIV. 9395 SAS, 2011 WL 1792570, at *3 (S.D.N.Y. May 9, 2011) (Scheindlin, J.) (holding that irreparable injury existed in part because "determining the amount of damages from [the] infringing conduct [would be] especially difficult, if not impossible").

          c)      Inadequate Legal Remedies

In the trademark context, monetary damages are often inadequate "[b]ecause the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable . . . ." *NYP Holdings v. New York Post Pub'g. Inc.*, 63 F. Supp. 3d 328, 342 (S.D.N.Y. 2014) (Marrero, J.) (quoting *U.S. Polo Ass'n*, 800 F. Supp. 2d at 541). A defendant's default also supports an inference that the defendant "may continue its infringement." *Pearson Educ., Inc. v. Vergara*, No. 09-CV-6832, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) (Fox, M.J.). For these reasons, legal remedies are not sufficient to protect Plaintiff.

          d)      Balance of Hardships

The balance of hardships weighs strongly in favor of Plaintiff, which has spent substantial time and money marketing its Copper Fit products and establishing the good will and reputation for quality associated with its registered trademarks. (Compl., ¶¶ 37–38.) Because of the Defaulting Defendants' conduct, Plaintiff faces irreparable and ongoing harm to its legitimate

business associated with those marks. *See NYP Holdings*, 63 F. Supp. 3d at 342. Defendants, by contrast, have defaulted in this case and thereby failed to allege any hardship at all.

e) Public Interest

Finally, in the context of trademark infringement and counterfeit goods, "the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010) (McMahon, J.); *accord U.S. Polo Ass'n*, 800 F. Supp. 2d at 541 ("The consuming public has a protectable interest in being free from confusion, deception and mistake."). As discussed above, Plaintiff has demonstrated a likelihood of consumer confusion with respect to the source and quality of the goods the Defaulting Defendants sell, and so public interest weighs in favor of issuing an injunction.

\* \* \*

Because each of these elements weighs in favor of Plaintiff, the Court GRANTS Plaintiff's request for a permanent injunction.

2. Statutory Damages

Under both the Lanham Act and the Copyright Act, the plaintiff may elect to receive an award of statutory damages rather than actual damages. 15 U.S.C. § 1117(c); 17 U.S.C. § 504(c). Under the Lanham Act, statutory damages are to be "not less than $1,000 or not more than $200,000 per counterfeit mark per type of goods or services." 15 U.S.C. § 1117(c)(1). In cases where the violation was willful, however, the damages are not to be "more than $2,000,000 per counterfeit mark per type of goods." 15 U.S.C. § 1117(c)(2). Under the Copyright Act, statutory damages are in the range of "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504.

Plaintiff in this case is seeking statutory damages in the amount of $50,000 from each

Defaulting Defendant, as the sole remedy for the Defaulting Defendants' violations of the Lanham Act and Copyright Act. (Pl.'s Mem., ECF No. 90, at 18). Because of the Defaulting Defendants' failure to defend this action, Plaintiff was unable to obtain discovery to determine the number of infringing products Defaulting Defendants sold or provide definitive proof of Plaintiff's loss. (Wolgang Decl., ECF No. 89, ¶ 9.) An amount of $50,000, however, is in the range permitted for a single violation of the Lanham Act. *See* 15 U.S.C. § 1117(c). Because the Defaulting Defendants' acted willfully—by offering for sale virtually identical counterfeits of Plaintiff's products (Arnaiz Decl., ECF No. 12, ¶ 7)—$50,000 is much lower than the $2,000,000 maximum provided for under 15 U.S.C. § 1117(c)(2). In similar situations involving a defendant's default, courts have "frequently awarded statutory damages" in the $20,000 to $50,000 range requested by Plaintiff. *See Ontel Prods. Corp. v. Airbrushpainting Makeup Store*, No. 17-CV-871 (KBF), Mem. Dec. & Order, ECF No. 40, at 3 (S.D.N.Y. June 29, 2017) (Forrest, J.) ("Courts in this circuit have frequently awarded statutory damages in the range of $20,000 to $50,000 per willfully infringed mark in cases where defendants fail to appear and the Court has limited information as to the scope or circumstances of defendants' infringement.") (collecting cases); *All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d 613, 625 (S.D.N.Y. 2011) (Berman, J.) (holding that damages in an amount of $25,000–$50,000 are "well below the statutory maximum" and are appropriate "as a general deterrent," even in absence of evidence about actual losses by the plaintiff or profits by defendants) (citation and internal quotation marks omitted).

Accordingly, the Court agrees that $50,000 in damages is an appropriate amount of damages as against each Defaulting Defendant.

3. Destruction of Items

Pursuant to 15 U.S.C. § 1118, Plaintiff seeks an order requiring Defendants to "deliver up

for destruction to Plaintiff any and all Counterfeit Products and/or Infringing Products." (Proposed Order, § 1(F).)

"In the context of a default judgment, a court lacks any assurance that the defendant will comply with the terms of an injunction." *Diesel S.P.A. v. Does*, No. 14-CV-4592 (KMW), 2016 WL 96171, at *11 (S.D.N.Y. Jan. 8, 2016) (Wood, J.) (quoting *Sola Franchise Corp. v. Solo Salon Studios, Inc*. No. 14-CV-0946, 2015 WL 1299259, at *20 (E.D.N.Y. Mar. 23, 2015)). For this reason, a court can issue an order for the destruction of counterfeit in addition to a permanent injunction. *See Sola Franchise Corp.*, 2015 WL 1299259, at *20 (issuing both a permanent injunction and an order for destruction pursuant to § 1118 when defendant defaulted).

Because the Defaulting Defendants have failed to appear in this action, and because this Court has no assurance that Defendants will comply with the terms of the permanent injunction, the Court orders the Defaulting Defendants to deliver to Plaintiff for destruction all unauthorized products, advertisements, and packaging that bear any of Plaintiff's trademarks or colorable imitations thereof, as well as any plates, molds, or other means of producing such trademarks or imitations.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Default Judgment. Pursuant to this Opinion & Order, the Court will enter judgment in a subsequent filing.

This Opinion & Order resolves docket entry 88. The Clerk of Court is directed to close

this case. All pending motions are moot.

SO ORDERED.

Dated: New York, NY
July 24, 2018

_____/s/ Kimba M. Wood_____
KIMBA M. WOOD
United States District Judge